UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEANDRE GOODWIN, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-988-JD-AZ |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Deandre Goodwin, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (MCF-23-12-4644) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of participating in a trafficking conspiracy under Indiana Department of Correction Offenses 111 and 113. Following a hearing, he was sanctioned with a loss of one hundred twenty days earned credit time.

Goodwin argues that he is entitled to habeas relief because he was found guilty despite his showing that he was merely cleaning and did not know what other inmates were doing and despite the admissions and findings of guilt for other inmates.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which an investigator represented as follows:

> On 12-7-2023 [Goodwin] participated in a ruse of assisting cleaning after an offender flooded his cell and aiding other offenders with gaining access behind the units in an attempt to recover a package that was recovered by staff. [Goodwin] could be seen going into the back sally port of KHU with other offenders within minutes of the package "drop". The package contained 8 cell phones, tobacco, and marijuana.

ECF 5-1. The administrative record includes a video recording summary indicating that Goodwin went in and out of the back sallyport door in tandem with other inmates. ECF 5-5. It includes the video recording itself, which the court has reviewed and found consistent with the summary. ECF 10. It also includes photographs of the recovered contraband. ECF 5-6. The conduct report, video recording, and photographs constitute some evidence that Goodwin participated in a trafficking conspiracy. Notably, Goodwin's arguments appear to concede that such a conspiracy was afoot in his presence. Though Goodwin may have testified that he was merely cleaning and was not aware of the other inmates' intentions, the hearing officer was not required to credit his testimony. Therefore, the sufficiency of the evidence claim is not a basis for habeas relief.

Goodwin argues that he is entitled to habeas relief because the hearing officer denied his request to view the video recording at the hearing, which would have allowed him to show that he was not near the package of contraband. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present

2

documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

The video recording evidence is in the administrative record, and the hearing report reflects that the hearing officer considered it. ECF 5-4; ECF 10. While the hearing officer may not have allowed Goodwin to view the video recording at the hearing, it appears that the hearing officer had valid security reasons to deny this request. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (disclosure of evidence is not required if "such disclosure would unduly threaten institutional concerns") Further, the evidence in the administrative record indicates that correctional staff recovered the contraband before any inmate had found it,[1] so the point Goodwin sought to prove – his lack of physical proximity to the contraband -- was already a foregone conclusion. As a result, this denial amounts to, at most, harmless error. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie*, 344 F.3d at 677 (same). Therefore, the denial of evidence is not a basis for habeas relief.

Goodwin argues that he is entitled to habeas relief because the hearing officer was biased. He contends that the hearing officer said that the investigative division told

---

[1] Here, the court observes that the conduct report described the inmates "attempt to recover" the contraband but that staff had "recovered" it and also observes the photograph of the bag containing the contraband on the ground near the outdoor fence surrounding the perimeter of the prison. ECF 5-1; ECF 5-5. In another photograph, each contraband article remains individually wrapped in plastic. ECF 5-5.

the hearing officer to find Goodwin guilty. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). "Due process does forbid officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof, from serving on the board hearing the charge." *Id.* at 667.

Notably, Goodwin's description of the hearing officer's purported statement is vague and lacks any context that would allow the court to meaningfully assess its admissibility or probative value. Liberally construing this argument, Goodwin may be referring to the hearing officer's consideration of the conduct report prepared by Investigator Heishman. ECF 5-1; ECF 5-4; ECF 5-5. It is true that the hearing officer relied on the conduct report in finding Goodwin guilty and imposing sanctions. However, hearing officers must necessarily consider the conduct report in assessing an inmate's guilt and the appropriate sanctions, so it is unclear how reliance on the conduct report amounts to impermissible bias. *See Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015) ("Adverse rulings do not constitute evidence of judicial bias."). Therefore, this claim is not a basis for habeas relief.

Because Goodwin has not asserted a valid claim for habeas relief, the habeas petition is denied. If Goodwin wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not

proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(5) DENIES Deandre Goodwin leave to proceed in forma pauperis on appeal.

SO ORDERED on June 9, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT